**RECORD NO. 22-1995**

**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**

ANTONIO SMITH,

*Appellant,*

v.

CARLOS DEL TORO,

Acting Secretary,

U.S Department of the Navy,

*Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

**APPELLANT'S REPLY BRIEF**

Dated: January 4, 2023

Ellen K. Renaud, V.A. Bar # 47326
Alan Lescht & Associates, P.C.
1825 K Street, NW, Suite 750
Washington, D.C. 20006
Tel. (202) 852-8483
Ellen.Renaud@leschtlaw.com

*Counsel for Appellant*

## TABLE OF CONTENTS

SUMMARY OF ARGUMENT ..................................................................1

ARGUMENT .......................................................................................3

    I.    This Court Should Consider Hittle's Testimony About
        His Discomfort Working with Mr. Smith Together with
        the Amassed Circumstantial Evidence .......................................3

    II.   A Reasonable Jury Could Find that the Circumstantial
        Evidence Amassed in this Case Demonstrated Pretext .............................7

    III.  Appellee's Late-Appearing Justification for the Non-Selection
        Is Probative of Pretext ............................................................12

CONCLUSION ..................................................................................15

CERTIFICATE OF COMPLIANCE........................................................16

CERTIFICATE OF SERVICE ...............................................................17

## TABLE OF AUTHORITIES

### <u>Cases</u>

*Aka v. Washington Hosp. Ctr.*,
    156 F.3d 1284 (D.C. Cir. 1998)....................................................10

*Babb v. Wilkie*,
    140 S. Ct. 1168 (2020)................................................................12

*Dennis v. Columbia Colleton Med.*,
    290 F.3d 639 (4th Cir. 2002) .......................................................9

*E.E.O.C. v. Sears Roebuck & Co.*,
    243 F.3d 846 (4th Cir. 2001) ................................................12, 14

*Heiko v. Columbo Sav. Bank, F.S.B.*,
    434 F.3d 249 (4th Cir. 2006) .......................................................5

*Hill v. Lockheed*,
    354 F.3d 277 (4th Cir. 2004) ...................................................8, 10

*Jacobs v. N.C. Admin. Off. of the Cts.*,
    780 F.3d 562 (4th Cir. 2015) ................................................14, 15

*Kozlowski v. Hampton Sch. Bd.*,
    77 F. App'x 133 (4th Cir. 2003)...................................................4

*Mullen v. Princess Anne Volunteer Fire Co.*,
    853 F.2d 1130 (4th Cir. 1988) ..................................................4, 8

*Reeves v. Sanderson Plumbing Prod., Inc.*,
    530 U.S. 133, (2000)..................................................6-7, 8, 10-11

*Russell v. Harlow*,
    771 F. App'x 206 (4th Cir. 2019)...............................................14

*Villa v. CavaMezze Grill, LLC*,
    858 F.3d 896 (4th Cir. 2017) .....................................................12

*Vodusek v. Bayliner Marine Corp.*,
    71 F.3d 148 (4th Cir. 1995) .............................................................................3

*Westmoreland v. TWC Admin. LLC*,
    924 F.3d 718, 729 (4th Cir. 2019) ........................................................8, 10

## **Statutes**

42 U.S.C. § 2000e-16(a) ..........................................................................12

Appellee's full-throated defense of the decision below casts a spotlight on the district court's chief error. The district court made factual findings and drew factual inferences that favor Appellee. These were plausible findings and inferences, which a jury *could* find. *Could*. However, drawing all reasonable inferences in favor of *Mr. Smith* (as is required at the summary judgment stage), and examining the record evidence in the aggregate, a reasonable jury could find that Appellee retaliated against Mr. Smith. The divergence of these two "coulds" indicates the presence of triable issues of material fact, and it is for a reasonable jury —not the district court— to make conclusions based on the evidence. For that reason and the others explained below, the district court's decision should be vacated, and this case should be remanded for trial by a jury of Mr. Smith's peers.

## SUMMARY OF ARGUMENT

Appellee's arguments for affirmance have three primary deficiencies. First, Appellee argues that Mr. Smith cannot show pretext because his qualifications were not demonstrably superior to Sobieranski's. As Appellee acknowledges, Mr. Smith can also demonstrate pretext by amassing circumstantial evidence, which is exactly what he has done here. Mr. Smith's case rests on a mass of circumstantial evidence that Col. Hittle did not select him because he did not want to have to "walk on eggshells" around Mr. Smith due to his discrimination complaints. A reasonable jury could—and should—find that Col. Hittle's proffered reason for selecting

Sobieranski over Mr. Smith was pretextual, and that his real reason was retaliation.

Second, Appellee lauds and perpetuates the district court's improper piecemeal examination of evidence of Col. Hittle's lack of credibility and basis for non-selection, arguing that individual pieces are immaterial. This disaggregation, however, evades the district court's obligation to consider the record as a whole and draw all reasonable inferences in favor of Mr. Smith. By properly examining the record evidence in total, rather than as separate brushstrokes, a reasonable jury could find that Col. Hittle fabricated reasons for not selecting Mr. Smith to hide his true retaliatory motive.

Third, Appellee adopts the district court's erroneous finding of fact, which lumps together Col. Hittle's evolving reasons for selecting Sobieranski over Mr. Smith, that "[a] fair reading [of]. . . Hittle's sworn declaration and EEOC testimony makes clear that . . . Hittle stated he valued Sobieranski's practical experience creating policy in both instances." It is possible that a jury could reach this conclusion. But a jury could also conclude—as this Circuit's law holds—that such a late-appearing reason for the non-selection, adopted by Appellee from the cannibalized remains of Col. Hittle's inconsistent statements, is not probative of pretext. A jury, not the district court, should decide what to make of Col. Hittle's declaration, administrative hearing testimony, and destruction of contemporaneous records, both in terms of credibility and probative effect on the issue of pretext.

# ARGUMENT

**I.    This Court Should Consider Hittle's Testimony About His Discomfort Working with Mr. Smith Together with the Amassed Circumstantial Evidence.**

Col. Hittle repeatedly testified that he felt he had to "walk on eggshells" around Mr. Smith *because* Mr. Smith complained of discrimination.[1] JA 240; JA 246. He further testified that he was uncomfortable around Mr. Smith because Mr. Smith was the first employee to name him in an EEO complaint. JA 248. Additionally, Col. Hittle admitted that he would have to work closely with the Deputy Director and that he would not feel comfortable if he had to walk on eggshells around his Deputy Director.[2] *Id.* Although Col. Hittle did not explicitly

---

[1]  Appellee chides Mr. Smith for "bandy[ing] about" and "harp[ing] on" Col. Hittle's testimony that he was uncomfortable with Mr. Smith's protected activity and couches the admission as "*post hoc* remarks" that do not raise an inference of pretext. Br. at 29-31. Yet Appellee fully credits Col. Hittle's (differing) (after-the-fact) stated reasons for selecting Sobieranski. Br. at 12-13. Of course, the most reliable evidence would be contemporaneous documentation of Col. Hittle's basis for selecting Sobieranski. Col. Hittle confirmed that he created such documentation. JA 72. He destroyed it. JA 170. Instead of inferring the existence of probative information in the spoliated files, the district court erroneously disregarded the issue. JA 327. This was error. *See Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995) (no requirement to prove destroyed evidence was unfavorable, enough that it would "naturally have elucidated a fact at issue"). Left only with conflicting after-the-fact testimony, some of which raises an inference of discrimination, the district court made its own factual findings instead of leaving such resolution to a jury. This, too, was error.

[2]  Appellee intones that these statements from Col. Hittle should be given short shrift because they were in response to leading questions from counsel. That's for a jury to decide.

say: "I didn't select Mr. Smith because he complained of discrimination," his testimony is compelling evidence of retaliation. *See Mullen v. Princess Anne Volunteer Fire Co.*, 853 F.2d 1130, 1134 (4th Cir. 1988) (holding that racial statements "may still be significant despite the fact that the statements did not relate to the specific decision at issue.").

This Court has held that statements and acts reflecting a discriminatory attitude bear on a defendant's intent in acting against a plaintiff. *See Kozlowski v. Hampton Sch. Bd.*, 77 F. App'x 133, 148 (4th Cir. 2003) ("acts which reveal a discriminatory attitude generally, are admissible to show a defendant's intent in acting against the plaintiff"). In *Kozlowski*, statements a school principal made and actions he took close in time (within five years) to his decision to discontinue an older football coach's contract were admissible because they went to his state of mind, and his "motivation was in question." *Id.* at 150. Here, Col. Hittle's motivation is in question. Close in time to his decision to select Sobieranski over Mr. Smith, he displayed a retaliatory attitude when he admitted that he felt he had to "walk on eggshells" around Mr. Smith because he complained of discrimination, *i.e.,* he did not want to hire a deputy who complained about discrimination. Col. Hittle's statement about his own feelings toward Mr. Smith—and Mr. Smith's protected activity—is probative of his state of mind, and a reasonable jury could find that his real reason for not selecting Mr. Smith is because Mr. Smith complained of

4

discrimination.

Appellee concedes that there are two paths to demonstrating pretext in a non-selection case. "A plaintiff alleging a failure to promote can prove pretext by showing that he was better qualified, *or* by amassing circumstantial evidence that otherwise undermines the credibility of the employer's stated reasons." *Heiko v. Columbo Sav. Bank, F.S.B.*, 434 F.3d 249, 259 (4th Cir. 2006) (emphasis added). Appellee focuses on the first path—the candidates' respective qualifications. But that is not the basis of Mr. Smith's case. Instead, Mr. Smith establishes pretext by amassing circumstantial evidence, which includes Col. Hittle's admission that he felt uncomfortable around Mr. Smith because Mr. Smith complained of discrimination. Accordingly, this Court should reject Appellee's request to consider Col. Hittle's testimony in a vacuum, rather than as part of the complete record, which also includes evidence that Col. Hittle testified falsely on several material issues, as well as the close temporal proximity between the selection decision and Mr. Smith's most recent protected activity. In short, Mr. Smith has amassed circumstantial evidence that undermines Col. Hittle's credibility and otherwise indicates that his purported reason for the non-selection is pretext for unlawful retaliation.

But instead of submitting the case to a jury, the district court made its own assessment of the weight of these facts and set them aside to focus on the fact that people other than Col. Hittle were involved in the selection process. Appellee argues

that this was the right course, in part because one (of seven) people recommended Sobieranski over Mr. Smith. Br. at 16. Be that as it may, Col. Hittle made the ultimate decision. Col. Hittle, who would be uncomfortable having Mr. Smith as a deputy because of his EEO complaints. JA 248. Col. Hittle, who received a complaint of discrimination from Mr. Smith a month before he selected Sobieranski, and then pretended he wasn't aware of the complaint. JA 157-60; 238. Col. Hittle, who supposedly picked a deputy based on qualifications, but claimed he didn't know what Mr. Smith's job was, despite working with him every day. JA 69-76; 202. Nobody forced Col. Hittle to select Sobieranski. Indeed, Sobieranski was within a group of three candidates referred to Col. Hittle for final selection.

Whatever the early winnowing process, the buck stops with Col. Hittle, and it is he who testified that he would be uncomfortable with a Deputy around whom he had to walk on eggshells because of protected activity, no one else. And when there is evidence that the person responsible for an adverse employment decision made statements illustrating an unlawful attitude toward an employee, summary disposition is inappropriate.  For example, in *Reeves v. Sanderson Plumbing Prod., Inc.*, the Supreme Court held that the evidence raised an inference that the employee's termination was discriminatory based on evidence that the decisionmaker had said "he 'was so old [he] must have come over on the Mayflower' and, on one occasion when petitioner was having difficulty starting a

6

machine, that he 'was too damn old to do [his] job.'" 530 U.S. 133, 151 (2000).

Even though the decision maker's discriminatory statements were not connected to

his decision to terminate the employee, the Supreme Court held that this was

evidence that the decision maker "was motivated by age-based animus." *Id.*

Similarly, Hittle's statement that he felt he had to walk on eggshells with Mr.

Smith—because Mr. Smith had accused him of discrimination is evidence that he

was motivated by retaliatory animus. This is so even though Hittle did not link his

feelings of discomfort to his decision not to select Mr. Smith as his deputy.

## II.    A Reasonable Jury Could Find that the Circumstantial Evidence Amassed in this Case Demonstrates Pretext.

In rendering its decision, the district court made factual findings and

credibility determinations that ought to have been reserved for a jury. The district

court also swept aside several facts that it deemed immaterial to the ultimate question

of Col. Hittle's selection. This was erroneous for two reasons.

First, several of these facts bear on Col. Hittle's credibility. While these facts,

taken in isolation, may not themselves be dispositive or direct evidence of

discrimination, evidence of dishonesty regarding any material fact is evidence of

pretext. A reasonable jury, hearing all of Col. Hittle's testimony and explanations,

would be called on to decide for itself whether he was a credible witness. The jury

would then decide what weight, if any, to ascribe to his reason(s) for selecting

Sobieranski over Mr. Smith. If the jury finds that Col. Hittle is not credible—as it

7

reasonably could, given the many contradictions and inconsistencies in his testimony—it could find that his proffered reason for the non-selection is unworthy of credence and thus evidence of discrimination. *See Reeves*, 530 U.S. at 147 (recognizing "the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as 'affirmative evidence of guilt.'"). In short, a reasonable jury's finding that Col. Hittle is not credible would serve as affirmative evidence of discrimination. *See Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 314 F.3d 657, 679 (4th Cir. 2003) (vacated on other grounds) (decisionmaker's lie that he did not know about plaintiff's complaints supports a finding of pretext); *Westmoreland v. TWC Admin. LLC*, 924 F.3d 718, 729 (4th Cir. 2019) ("The jury could reasonably have treated her reluctance to acknowledge the obvious [age difference] as evidence of age discrimination."). Accordingly, facts that bear on Col. Hittle's credibility are, in themselves, material, and it was error for the district court to disregard them.

Second, the district court similarly disregarded other facts relating to Col. Hittle's state of mind, which is likewise part of the pretext inquiry and thus material. *See Mullen*, 853 F.2d at 1134 (holding that racial statements "may still be significant despite the fact that the statements did not relate to the specific decision at issue.").

Appellee provides no Circuit precedent or other legal authority to affirm the district court's decision to disregard the following material evidence, which should

be examined by a jury:

- Col. Hittle's focus on Sobieranski's archaic technical experience bears on his credibility and is thus material. Appellee argues that to question Col. Hittle's invocation of Sobieranski's technical expertise is to impermissibly question the wisdom of Col. Hittle's business decision. Not so. A reasonable jury could find it unworthy of credence that, in 2018, technological experience from the '80s or '90s (*See* JA 178 at p.129) persuaded Col. Hittle to select Sobieranski.

- Col. Hittle's exaggeration of Sobieranski's position and skills bears on his credibility and is thus material. A reasonable jury could find that Col. Hittle's exaggeration was an after-the-fact gilding of his decision to select Sobieranski. *See Dennis v. Columbia Colleton Med*., 290 F.3d 639, 647 (4th Cir. 2002) ("jury [could] have concluded that Bridge's management and computer skills were overplayed by Hiott").

- Col. Hittle's dissemblance regarding Sobieranski's service as Acting Deputy Director bears on his credibility and is thus material. Col. Hittle favored Sobieranski with that additional experience by placing him in a long stint as Acting Deputy Director—experience that Sobieranski touted on a resume still ranked as inferior to Mr. Smith's—and dissembled about doing so. JA 205, 227-28, 256-57, 262-69, 303. A reasonable jury could conclude that Col. Hittle's evasiveness about detailing Sobieranski to the Acting Deputy Director

9

position for more than six months (including during the interview process) is evidence that he has something to hide. *See Reeves*, 530 U.S. at 147 (recognizing "the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as 'affirmative evidence of guilt.'").

- Col. Hittle's feigned ignorance of Mr. Smith's role, skills, and experience bears on his credibility and his efforts to minimize Mr. Smith's candidacy for promotion. *See Aka v. Washington Hosp. Ctr.*, 156 F.3d 1284, 1295 (D.C. Cir. 1998) (plaintiff may show pretext with evidence that the employer's explanation misstates the candidates' qualifications).

- Col. Hittle's refusal to acknowledge that Mr. Smith complained about discrimination by email bears on Col. Hittle's state of mind and is thus material. *See Hill*, 354 F.3d at 679 (decisionmaker's lie that he did not know about plaintiff's complaints supports a finding of pretext); *Westmoreland*, 924 F.3d at 729 ("The jury could reasonably have treated her reluctance to acknowledge the obvious [age difference] as evidence of age discrimination."). Hittle received Mr. Smith's email that clearly complained of discrimination. *See* JA 158 ("I believe your actions are because I have an EEO complaint against TECOM that includes you"). Thus, a reasonable jury could infer that Col. Hittle falsely denied that he knew about Mr. Smith's

10

December 2017 complaint to avoid the appearance of retaliation.

- Col. Hittle rejected Mr. Smith's application for promotion approximately one month after Mr. Smith reiterated his complaint of discrimination to him by email. *See* JA 158 (showing Hittle received Smith's email complaining of discrimination on December 20, 2017); JA 125 (Hittle's Memo documenting that he rejected Smith for promotion shortly before January 29, 2018). A reasonable jury could conclude that Mr. Smith's email complaining of discrimination was fresh in Col. Hittle's mind when he made the decision and, given his effort to cover up this temporal evidence, that the complaint motivated his decision.

Contrary to what Appellee suggests, each of these facts cannot be viewed in isolation. See *Reeves*, 530 U.S. at 151 (upon a motion for summary judgment, "the court should review the record as a whole"). The district court here arbitrarily selected certain facts from the record for piecemeal examination, inferred some facts of its own—sometimes in favor of Appellee—and discarded the rest. Appellee endorses the district court's erroneous decision and offers no legal authority for exempting this case from application of settled law. This Court should review the record as a whole (not parts in isolation) and draw all reasonable inferences in favor of Mr. Smith. In doing so, this Court will find that a reasonable jury could indeed

find Appellee's proffered reason to be pretextual.[3] As such, this Court should vacate the district court's entry of summary judgment and remand this case for trial by a jury that can best assess the ultimate nature and effect of these facts.

## III. Appellee's Late-Appearing Justification for the Non-Selection Is Probative of Pretext.

In its brief, Appellee adopts the district court's disregard for this Court's rule that a jury can infer pretext from the late appearance of a decision-maker's full articulation for an employment decision. *See E.E.O.C. v. Sears Roebuck & Co.*, 243 F.3d 846, 853 (4th Cir. 2001) ("a factfinder could infer from the late appearance of Sears's current justification that it is a post-hoc rationale, not a legitimate explanation for Sears's decision not to hire Santana.") (*citing Tyler v. Re/Max*

---

[3] Appellee, for reasons unclear, spends much ink enticing this Court to transplant the ADEA causation standard announced in *Babb v. Wilkie*, 140 S. Ct. 1168 (2020), into this Court's Title VII jurisprudence. Such a change would be a welcome one for Mr. Smith, for it would lower the bar for him to prove that Appellee is liable. But Appellee is quite right that the standard applied here makes no difference. Regardless of whether this Court follows its decision in *Villa v. CavaMezze Grill, LLC*, 858 F.3d 896 (4th Cir. 2017), or eases the plaintiff's burden by following *Babb*, a reasonable jury could find that Appellee's decision to reject Mr. Smith for promotion violated Title VII.

Under *Villa*, discrimination must be the but-for cause of the non-selection. Under *Babb*, it need only be the but-for cause of differential treatment, if not the ultimate decision. Whatever the standard, it was error for the district court to conclude that there was *no way* for a reasonable jury to conclude that Col. Hittle's decision was "made free from any discrimination based on [protected activity]." 42 U.S.C. § 2000e-16(a).

*Mountain States, Inc.,* 232 F.3d 808, 813 (10th Cir. 2000) ("We are disquieted ... by an employer who 'fully' articulates its reasons for the first time months after the decision was made.")). Here, it was not until the EEOC hearing—23 months after he made the decision—that Col. Hittle claimed that the "crux of what tipped the scale" in his decision to select Sobieranski was his "experience building policy across service lines to other service counterparts." JA 148-149; *see also* JA 19 at ¶ 19 (selection made in late January 2018); JA 20 at ¶ 24 (hearing occurred December 6, 2019). Col. Hittle had never before mentioned this apparently pivotal reason—"the crux of what tipped the scale." More than a year before the hearing, an EEO investigator asked Col. Hittle to "please provide specifics" about the reasons for his decision. JA 73. In his long and detailed explanation for his decision, Col. Hittle cited several aspects of Sobieranski's experience, including his experience in the range and training program, his technical hands-on experience with actual simulation, and his experience in developing air space and land expansion projects. JA 73.[4] Col. Hittle did not, however, refer to Sobieranski's experience building policy "across service lines" or say anything about "service counterparts."

Appellee repeats the district court's contention that a jury could not infer

---

[4] Col. Hittle also referred to his letter to MG Iiams where he supposedly laid out his "thinking and detailed [his] reasons for Selecting Mr. Sobieranski." JA 73. Because he destroyed that letter, however, a reasonable jury can infer that it did not mention the alleged "crux of what tipped the scale" in his decision to reject Mr. Smith for promotion.

pretext from the "late appearance" of Col. Hittle's full explanation because it is possible to reconcile the factual differences between Col. Hittle's articulation of reasons for his decision. Specifically, the district court found that in both the declaration and in his testimony "Hittle stated he valued Sobieranski's practical experience creating policy in both instances." Brief at 27 (*citing* JA 328 n.14 (Memorandum Opinion). First, this Court should not repeat the district court's grievous error in reconciling factual differences between Hittle's initial articulation of his reasons for not selecting Mr. Smith and his much later, very specific claims about his decision. Because this reconciliation requires one to draw inferences in favor of Appellee, the party that moved for summary judgment, it cannot stand.

Second, the law in this Circuit does not require different reasons to be inconsistent in order to raise an inference of pretext. Rather, this Court has made clear that the mere "late appearance" of a justification is evidence of a post-hoc rationale and therefore pretext. *Sears Roebuck*, 243 F.3d at 853; *see also Russell v. Harlow*, 771 F. App'x 206, 207 (4th Cir. 2019) ("different justifications need not be "internally inconsistent," so long as they "were not raised at the time of [the adverse action]."). For example, in *Jacobs v. N.C. Admin. Off. of the Cts.*, the employer provided one set of reasons at the employee's termination, provided additional reasons in response to her EEOC complaint, and additional reasons for termination after she filed suit. 780 F.3d 562, 576 (4th Cir. 2015). These reasons did not conflict

14

with each other, the first set having to do with poor performance, the second set more to do with interpersonal skills, and the final set sounding more like misconduct. *Id.* The Court held that "[a]lthough this constellation of justifications is not internally inconsistent, many of the purported justifications were not raised at the time of termination." *Id.* Thus, the mere failure to initially articulate all the reasons was sufficient to raise an inference of pretext. Likewise, in this case, Col. Hittle did not mention Sobieranski's alleged expertise in building policy "across service lines" at the time of his decision or to the investigator asking for specific reasons for his decision. A reasonable jury could question whether Col. Hittle honestly believed that this skill of building policy "across service lines" was a legitimate reason or whether it was a mere pretext for retaliation, given that Col. Hittle never mentioned it until the hearing, when he testified that it was the "crux" or decisive factor for selecting Sobieranski over Mr. Smith. A jury should be given the opportunity to weigh this evidence.

## CONCLUSION

Judges don't get to do what juries do. The district court disaggregated the evidence, selectively and arbitrarily placed stock in certain facts, and drew inferences regarding a reason for Sobieranski's selection that favor Appellee. This is precisely what a district court may not do at the summary judgment stage. No one of the facts presented by Mr. Smith is direct evidence of discrimination. No one of

the above facts is dispositive. But amassed, these facts are circumstantial evidence from which a reasonable jury could find that Appellee's stated reason for not selecting Mr. Smith was pretextual.

Accordingly, this Court should vacate the district court's decision and remand this case for trial by a jury.

Date: January 4, 2023                    Respectfully submitted,

                                          /s/ *Ellen K. Renaud*
                                         Ellen K. Renaud, V.A. Bar # 47326
                                         Alan Lescht & Associates, P.C.
                                         1825 K Street, NW Suite 750
                                         Washington, D.C. 20006
                                         Tel. (202) 852-8483
                                         Ellen.Renaud@leschtlaw.com

                                         *Counsel for Appellant*

## CERTIFICATE OF COMPLIANCE

This brief contains 3,982 words as counted by Microsoft Word.

/s/ *Ellen K. Renaud*
Ellen K. Renaud

16

**CERTIFICATE OF SERVICE**

I certify that the foregoing Appellant's Reply Brief was served upon Appellee by the court's electronic notification system on January 4, 2023 to its attorney of record.

 */s/ Ellen K. Renaud*
Ellen K. Renaud